IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY W. THOMAS, | § | |
| | § | No. 384, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1403008516 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 11, 2024
Decided: December 5, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After considering the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm the Superior Court's order dismissing the appellant's fourth motion for postconviction relief. The motion was subject to summary dismissal under Superior Court Criminal Rule 61 because the appellant, Jeffrey Thomas, failed to plead new evidence of his actual innocence or that a new rule of constitutional law made retroactive to his case renders his conviction invalid.[1] We review for plain error Thomas's argument on appeal that he was denied his

---

[1] Del. Super. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and pleads with particularity new evidence creating a strong inference that the movant is actually innocent or that a new rule of constitutional law is retroactively applicable and renders his conviction invalid).

constitutional right to the effective assistance of counsel in connection with his first motion for postconviction relief because he did not raise it below.[2]  There is no plain error here.[3]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Abigail M. LeGrow*
Justice

---

[2] Del. Supr. Ct. R. 8.
[3] *See Roten v. State*, 2013 WL 5808236, at *1 (Del. Oct. 28, 2013) (rejecting the appellant's argument that the Superior Court's failure to appoint counsel to represent him in connection with his initial postconviction proceedings violated his state and federal constitutional rights).